UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GE MORTGAGE SERVICES, LLC,   :

    Plaintiff,   :

                              CIVIL ACTION NO.

v.   :

                              1:05-CV-03057-MHS

LAWYERS TITLE INSURANCE   :
CORPORATION,
    Defendant.   :

### ORDER

Presently before the Court are defendant's motion to dismiss and plaintiff's motion to amend. For the following reasons, the Court denies defendant's motion to dismiss and grants plaintiff's motion to amend.

### Background

This case involves whether plaintiff GE Mortgage Services, LLC ("GEMS") can recover losses it sustained on two mortgage loans pursuant to a closing protection letter issued by defendant Lawyer's Title Insurance Corporation ("LTIC"). In 2002, Wells Fargo extended mortgage loans for a property located at Lawton Place and a property located at Wellington Street. In connection with these two loans, Wells Fargo obtained a closing protection letter from LTIC to insure Wells Fargo against losses resulting from improper

AO 72A
(Rev. 8/82)

actions by LTIC's Issuing Agents, attorneys Jason B. W. Lake and William A. Heath.

In 2003, Wells Fargo sold the Lawton Place loan and the Wellington Street loan to GEMS and assigned all of its rights in interest including claims under the closing protection letter to GEMS.

The borrower defaulted on the loans for the Lawton Place and Wellington Street properties. In 2004, GEMS foreclosed on the Lawton Place sustaining a net loss of $171,039.53. The Wellington Street Property was also foreclosed, and GEMS sustained a net loss of $197,209.30.

GEMS alleged that it was covered under the closing protection letter because its losses on the Lawton Place and Wellington Street loans were due to Lake and Heath's negligence and/or fraud in connection with closing the loans. In 2004 pursuant to the closing protection letter, GEMS submitted a notice of claim to LTIC for the Lawton Place and Wellington Street properties. LTIC denied the claim.

GEMS now brings this declaratory judgment action against LTIC to determine its rights under the closing protection letter. GEMS also asserts claims for breach of contract, indemnification, pre-judgment interest, bad faith, and litigation expenses. LTIC now moves to dismiss the complaint for lack of subject matter jurisdiction, and GEMS moves to amend the complaint to substitute the proper plaintiff in interest.

Discussion

Regarding LTIC's motion to dismiss for lack of subject matter jurisdiction, LTIC argues that the Court lacks subject matter jurisdiction because the complaint does not present an actual controversy; even if the Court has subject matter jurisdiction, the Court should dismiss GEMS's claim for declaratory judgment because of the pendency of an underlying state action and because the circumstances of this case are inappropriate for declaratory relief; and GEMS failed to join all indispensable parties.

Federal courts have limited subject matter jurisdiction. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). A defendant may attack subject matter jurisdiction either facially or factually. McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999). In a facial attack, a defendant challenges

AO 72A
(Rev.8/82)

plaintiff's facts and argues that they supposedly do not provide cause for federal jurisdiction. Barnett v. Okeechobee Hospital, 283 F.3d 1232, 1237 (11th Cir. 2002). In this case, the facts stated in the plaintiff's complaint are taken as true just as in a 12(b)(6) motion. Id. In a factual attack, a defendant challenges the very facts giving rise to jurisdiction. Id. In this case, no presumption of truthfulness arises, and the Court can view the facts as it sees fit. Id. LTIC does not challenge the very facts giving rise to jurisdiction in this case but instead contends that GEMS's facts do not provide cause for federal jurisdiction. Because LTIC challenges subject matter jurisdiction facially, the Court will treat GEMS's facts stated in the complaint as true.

The Court finds that an actual controversy exists to support jurisdiction for GEMS's claim for declaratory judgment. The facts are not hypothetical, and instead an actual controversy exists between the parties as to whether LTIC must indemnify GEMS pursuant to the terms of a closing protection letter. GEMS requests that the Court declare the rights and status of the parties. The circumstances of this case are appropriate for declaratory relief. The Court has subject matter jurisdiction over GEMS's claims, and therefore, the Court will not dismiss this action due to lack of subject matter jurisdiction. See 28 U.S.C. §§ 2201, 1332.

The Court will not exercise its discretion to dismiss the complaint due to the pending state action.[1] The state court action is brought by GE Capital Residential Connections Corporation ("GE Residential") against approximately 45 defendants who were allegedly involved in a mortgage fraud scheme. Plaintiff in the state court action does not seek to recover under the closing protection letter, while in this case the closing protection letter serves as the basis for liability. GEMS requests that the Court declare its rights under the closing protection letter, to find that LTIC has breached the closing protection letter, and to have LTIC indemnify GEMS pursuant to the closing protection letter. Therefore the two actions are not the same, and the Court will not dismiss the complaint due to the pending state court action.

Finally, the Court will not dismiss GEMS's complaint for failure to join GE Residential. LTIC argues that GEMS was reimbursed by GE Residential for its losses. LTIC now argues that the Court should dismiss this case for failure to join GE Residential as an indispensable party.

---

[1] <u>GE Capital Residential Connections Corporation v. Two Brothers Investment Group, Inc., et al.</u>, Case No. 2003 CV 75452 (Superior Court of Fulton County 2003).

5

GEMS moves to amend the complaint to substitute the proper plaintiff in interest. GEMS explains that it was reimbursed for its losses by GE Residential. However, GE Residential then assigned all of its assets and liabilities to GE Mortgage Contract Services Inc., which then changed its name to Genworth Financial Services, Inc. ("Genworth"). GEMS argues that Genworth is the proper plaintiff in this case and that without Genworth the Court cannot afford proper and complete relief.

Pursuant to Rules 19(a), 17(a), and 15(a), the Court agrees with GEMS that the property party in interest in this case should be substituted as plaintiff. The formal name of the plaintiff has changed but not the facts or causes of actions alleged against LTIC. Genworth appears to hold the right that is sought to be enforced here, and since this case is still in its earliest stages, LTIC will not suffer undue prejudice from the substitution. See Delta Coal Program v. Libman, 743 F.2d 852, 856-57 (11th Cir. 1984). Accordingly, the Court grants GEMS's motion to amend the complaint and will not dismiss the case for failure to join an indispensable party.

Conclusion

For the foregoing reasons, the Court DENIES defendant's motion to dismiss plaintiff's complaint [#4] and GRANTS plaintiff's motion to amend the complaint [#9]. The Court substitutes Genworth Financial Services, Inc. as the proper plaintiff in interest in this case.

IT IS SO ORDERED, this 31 day of March, 2006.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)